## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION-FLINT

In re:

CHRISTOPHER L. LITERSKI,

      Debtor.

_____/

Case No. 24-32028-jda
Hon. Joel D. Applebaum
Chapter 13

JOSEPH C. DeKROUB, JR.,
JUDITH DeKROUB,

      Plaintiffs,

v.

CHRISTOPHER L. LITERSKI,

      Defendant.

_____/

Adv. No. 25-3000

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

      This matter is before the Court on Christopher L. Literski's ("Defendant")

Motion to Dismiss the Adversary Complaint filed by Joseph and Judith DeKroub

("Plaintiffs"). For the reasons set forth below, this Court GRANTS without

prejudice Defendant's Motion to Dismiss Adversary Complaint for failure to state a

claim under Fed. R. Civ. P. 12(b)(6), as incorporated into adversary proceedings in

bankruptcy by Fed R. Bankr. P. 7012.

# I.

## FACTUAL BACKGROUND

On April 15, 2024, Plaintiffs and Defendant entered into a Purchase Agreement and Addendum for the purchase of Plaintiffs' real property located at 1286 Gray Fox Court, Howell, MI 48843 along with certain equipment and personal property associated with Joe's Game Ranch, LLC (Plaintiffs' Exhibit 1). The purchase contemplated was by land contract. That same day, Defendant signed a Promissory Note in the amount of $195,000 payable to Plaintiffs on April 16, 2024. (Plaintiffs' Exhibit 2). Defendant did not make any payments on the Promissory Note. The real estate transaction did not close.

Defendant filed a chapter 13 bankruptcy on October 24, 2024.

On January 2, 2025, Plaintiffs filed this adversary proceeding alleging that, at the time Defendant signed the Purchase Agreement and Promissory Note, he orally represented that he had the means to consummate the contract and that his false representations wasted Plaintiffs' time and caused them to forgo another buyer. Plaintiffs' Complaint did not identify the statutory basis for their claim. Moreover, while the prayer for relief in Plaintiffs' Complaint requests that Plaintiffs' claim be held to be non-dischargeable, Plaintiffs have not filed a claim in Defendant's bankruptcy case and the bar date for filing proofs of claim has now expired.

Although the Complaint did not identify a statutory basis for Plaintiffs' claims, the Adversary Proceeding Cover Sheet filed with the Complaint indicated that Plaintiffs were moving for non-dischargeability of their debt for "liquidated damages" in the amount of $195,000 under § 523(a)(2). Plaintiffs did not indicate which subsection of § 523(a)(2) they believe applies to this case.

On February 18, 2025, Defendant moved to dismiss this adversary proceeding on four grounds.  First, Defendant argues that the Complaint was insufficiently pled because the Complaint itself does not allege the statutory basis for a cause of action.  Second, assuming that Plaintiffs are moving for non-dischargability under §523(a)(2)(A), Defendant argues that Plaintiffs do not specifically address the elements of the claim under § 523(a)(2)(A) and their allegations do not establish a cause of action under § 523(a)(2)(A).  Third, the fraud alleged was not pled with particularity as is required under Fed R. Civ. P. 9(b) incorporated into adversary proceedings by Fed. R. Bankr. P. 7009, and fourth, the relief requested by Plaintiffs is unclear.

On March 7, 2025, Plaintiffs filed a Response to  Defendant's Motion to Dismiss.  In it, Plaintiffs allege violations of § 523(a) but are not specific about the statutory bases for the relief requested.

## II.

## STANDARD FOR DISMISSAL

Motions to dismiss for failure to state a claim are governed by Fed. R. Civ. P. 12(b)(6) incorporated into adversary proceedings by Fed. R. Bankr. P. 7012. Under Rule 12(b)(6), the complaint is viewed in the light most favorable to plaintiffs, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of plaintiffs. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. Mich. 2011); *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007).

## III.

## ANALYSIS

In order for a court to rule on the merits of a complaint, it must be clear upon what basis the claim is asserted. In this case, the Court cannot ascertain under which section of 11 U.S.C. § 523 Plaintiffs are seeking relief. While the Adversary Proceeding Cover Sheet indicates that Plaintiffs' claims are brought under §523(a)(2), the Complaint does not assert any statutory basis for these claims, and

4

the Response to Defendant's Motion to Dismiss merely indicates that Plaintiffs are moving under "§ 523(a)" which has nineteen subsections.

In addition, Fed. R. Civ. P. 9(b), made applicable to adversary proceedings by Fed. R. Bankr. P. 7009, provides that a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 358 (6th Cir. 2014) ("Fed. R. Civ. P. 9(b) establishes a heightened pleading standard for fraud allegations[.]"). This heightened pleading standard has been applied to complaints under § 523(a)(2)(A). *Fabian v. Goss (In re Goss)*, 605 B.R. 189, 198 (Bankr. S.D. Ohio 2019) ("Civil Rule 9(b) indeed applies to § 523(a)(2)(A) complaints."). To meet Rule 9(b)'s requirements, "a plaintiff must generally (1) specify the time, place, and content of the alleged misrepresentation; (2) identify the fraudulent scheme and the fraudulent intent of the defendant; and (3) describe the injury resulting from the fraud." *In re Keirns*, 628 B.R. 911, 918–19 (Bankr. S.D. Ohio 2021) *citing SFS Check*, 774 F.3d at 358. Rule 9(b) was enacted to ensure that the defendant is "given enough information to defend in a meaningful and informed manner." *Id*. *citing U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 408 (6th Cir. 2016) ("[P]roviding the defendant with sufficient information to respond is Rule 9's 'overarching purpose.'").

As previously indicated, Plaintiffs did not file a proof of claim and the bar date for filing proofs of claim, January 2, 2025, has expired. Plaintiffs' Complaint, however, was filed on January 2, 2025 and, arguably, may constitute an "informal" proof of claim. *See, PCFS Financial v. Spragin (In re Nowak)*, 586 F.3d 450, 455 (6th Cir. 2009)(Pre-bar date filings must meet four elements to constitute an informal proof of claim: (1) the proof of claim must be in writing; (2) the writing must contain a demand by the creditor on the debtor's estate; (3) the writing must express an intent to hold the debtor liable for the debt; and (4) the proof of claim must be filed with the bankruptcy court.) The Court does not need to decide whether Plaintiffs' Complaint constitutes a timely filed "informal" proof of claim because Plaintiffs have failed to provide (i) sufficient information with respect to the specific section or sub-section under which they are seeking relief or (ii) a sufficient factual basis upon which their Complaint is grounded.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is GRANTED without prejudice.

**Signed on April 7, 2025**



/s/ Joel D. Applebaum

**Joel D. Applebaum**
**United States Bankruptcy Judge**